## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## DELTA DIVISION

JERRY L. MCBRIDE                                                    PLAINTIFF

v.                                                        No. 2:07CV143-P-B

ATTORNEY ALLAN D. SHACKLEFORD, ET AL.                              DEFENDANTS

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerry L. McBride,
who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of
the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed
this suit. The plaintiff claims that he has been housed at the Coahoma County Jail since August
4, 2006, awaiting disposition of charges of sexual battery. During this time, he has spoken to his
attorney, Allan D. Shackleford, but he has not been questioned by the police, been advised of his
rights, attended a preliminary hearing or trial, or viewed his indictment. For the reasons set forth
below, the instant case shall be dismissed for failure to state a claim upon which relief could be
granted.

### Discussion

The plaintiff argues that he has been imprisoned for over a year without the benefit of a
trial and that many errors and improprieties have occurred in the criminal proceedings the state
has prosecuted against him. The plaintiff thus challenges the validity of his confinement and, as
such, must bring these claims before the court in the form of a petition for a writ of *habeas
corpus*. A prisoner suit filed under 42 U.S.C. § 1983 is not a proper vehicle to bring a federal
*habeas corpus* claim. In addition, the plaintiff's allegations fail to state a claim against any of
the defendants in this suit. His defense counsel, Allan D. Shackleford, is not a state actor and

Dockets.Justia.com

thus cannot be a defendant in an action filed under 42 U.S.C. § 1983.  *Mills v. Criminal District Court #3,* 837 F.2d 677 (5th Cir. 1988).  Private attorneys, including court-appointed attorneys, are not official state actors, and are thus not subject to suit under section 1983.  *Nelson v. Stratton,* 469 F.2d 1155 (5th Cir.1972), *cert. denied,* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973).  In addition, the county sheriff does not make the final decision regarding a prisoner's continued incarceration in the county jail.  That decision rests with the state court.  As such, Sheriff Thompson cannot be held liable for holding the plaintiff in accordance with a court order and must be dismissed from this case.  Finally, the Coahoma County Sheriff's Department is not an entity amenable to suit; as such, the plaintiff's claims against that final defendant shall be dismissed.  *Brown v. Thompson*, 927 So.2d 733 (Miss. 2006).

In the second amendment to his complaint, the plaintiff alleges that the Coahoma County Jail provides disposable cups and utensils with which he must eat and drink, but the jail does not replace these items.  The plaintiff thus eats with the same utensils day after day and must wash them in the sink with soap and water.  The plaintiff also alleges that the windows of the cells have been covered with sheet metal.  These allegations fail to state a claim upon which relief could be granted.  "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience."  *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted).  "Inmates cannot expect the amenities, conveniences, and services of a good hotel."  *Id.* at 849 n.5 (citation omitted).  Under the Eighth Amendment, prison officials need only provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ."  *Woods v. Edwards*, 51 F.3d 577, 581

n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).  After a review of

the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the court

finds that the instant claims do not rise to the level of a constitutional violation.  The plaintiff has

not identified any "basic human need" which he was denied for an unreasonable period of time;

nor has he alleged that he has suffered harm from the utensils or the covered windows.  *Woods*,

51 F.3d at 581.  As such, the plaintiff's claim that the general conditions of his confinement

violated the Eighth Amendment prohibition against cruel and unusual punishment shall be

dismissed.

In sum, the plaintiff's claims against all of the defendants shall be dismissed, but without

prejudice to the plaintiff's ability to file a petition for a writ of *habeas corpus* under 28 U.S.C. §

2241.  A final judgment consistent with this memorandum opinion shall issue today.


**SO ORDERED,** this the 22nd day of February, 2008.


/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE